STATE OF IOWA, Appellee, v. JOHN ERNEST STOUT, Appellant.

| 139 | 557 |
| 140 | 271 |
| 142 | 603 |

**Husband and wife:** DESERTION : CRIMINAL LIABILITY : SUFFICIENCY
1  OF INDICTMENT.  While the refusal of a husband to provide for his destitute wife and children is in, the nature of a continuous wrong which should be charged in an indictment in that form, still an allegation of abandonment on or about a specific date will not, under the statutory provisions as to sufficiency of indictments and materiality of allegations as to time, be held fatally defective for that reason: and the evidence as to the length of time defendant neglected his family should go to the jury for the purpose of determining whether the act was continuous as contemplated by the statute.

**Same:** EVIDENCE OF INTENT.  In a criminal prosecution by the wife
2  for desertion the fact that defendant was arrested for her seduction prior to their marriage may be shown, as bearing on his intent in leaving her.

**Desertion:** ABANDONMENT OF CHILD. Either neglect or refusal to maintain or provide for the wife; or abandonment of a legitimate or legally adopted child under sixteen years of age; or neglect or refusal to provide for such child, constitutes the statutory crime of desertion: so that there may be a criminal abandonment of the child without refusal or neglect to provide for the same.

**Desertion of wife:** GOOD CAUSE: INSTRUCTION. A husband cannot lawfully abandon his wife without good cause, which would probably be for a cause authorizing judicial separation; and in a criminal prosecution therefor the jury should not be left to determine the question of good cause, but instructions on the subject pertinent to the evidence should be given.

**Same.** Adultery of the wife is cause for desertion and where there is evidence of that fact the jury should be so instructed, even though it appears that the husband had no positive evidence of her infidelity until after he left her; as mere abandonment for a short time is not a crime and his subsequent information as to her conduct may have been the cause of his not returning.

**Same.** On a prosecution for desertion the jury should not be told unequivocally that it is the duty of a man to care for his wife and minor children, and to provide them with necessary food, clothing and a home suitable to their condition in life; as a failure so to do is not under all conditions a crime, although in the instant case the instruction may not have been prejudicial.

*Appeal from Cedar District Court.*— HON. F. O. ELLISON, Judge.

TUESDAY, OCTOBER 20, 1908.

PROSECUTION for abandonment and desertion by defendant of his wife and child. There was a verdict against defendant, and he was sentenced to confinement in the reformatory at Anamosa for one year. From this sentence he appeals.— *Reversed and remanded.*

*Skinner & Coe,* for appellant.

*H. W. Byers,* Attorney General, and *Charles W. Lyon,* Assistant Attorney General, for the State.

McCLAIN, J.— It was charged in the indictment that defendant on or about the 2d day of June, 1907, in Cedar county, then and there being the lawfully wedded husband of Elsa Stout and the father of and having a minor child of the age of about one year, unlawfully and without cause did willfully neglect and refuse to maintain and provide for his said wife, she being in a destitute condition, and without good cause did willfully abandon his said child which was his legitimate child under the age of sixteen years of age, leaving such child in a destitute condition, and without good cause did willfully neglect and refuse to provide for his minor child under sixteen years of age, said minor child being then in a destitute condition. The offense was thus charged to bring it within the terms of chapter 170, Acts 32d General Assembly (Code Supp. 1907, sections 4775a–4775f).

I.    Many errors are urged with reference to the allegation and proof as to time; but the only complaint in this respect which seems to us material is that in the indictment the

1. HUSBAND AND WIFE: desertion: criminal liability: sufficiency of indictment.

neglect or refusal to maintain or provide for the wife is charged as of one specific date, and not as a continuous offense. It is evident that, while the abandonment of the child might under the statute have consisted of one specific act, the neglect or refusal to maintain or provide for the wife or child is in its nature a continuous wrong which should properly be charged in that form. We are not inclined to hold, however, that for this reason the indictment is fatally defective, and that the charge as to neglect and refusal to maintain and provide for should not have been submitted to the jury. Under our liberal statutory provisions as to sufficiency of indictments and materiality of allegations as to time, we think it may very well be held that an allegation that on or about a date named the defendant did neglect and refuse as charged

would be sufficient. The evidence as to the length of time during which defendant thus neglected and refused would go to the jury, under proper instructions, for the purpose of enabling the jury to determine whether there was in fact such a continuous act of neglecting and refusing to maintain and provide for as contemplated by the statute. *State v. Hoon,* (Neb.) 111 N. W. 462.

II. Over defendant's objection, the prosecution was allowed to introduce in evidence the record of defendant's arrest on preliminary information for the seduction of Elsa

2. SAME: evidence of intent.

Behrend, who as his wife now prosecutes the charge of desertion, such prosecution for seduction having been commenced and the arrest thereunder having been made before the marriage of the prosecutrix to the defendant. The record entry introduced in evidence also shows that after continuance of the hearing at the request of defendant, the parties were married, and the prosecution was dismissed by order of the county attorney. This evidence was properly admitted. Although the statute on which the present prosecution is founded has no specific reference to the desertion of the wife by the husband where he has married her to escape a prosecution for seduction, that offense being covered by the provisions of Code, section 4764, nevertheless the fact that defendant was not married to prosecutrix until after proceedings had been commenced to punish him for seducing her would certainly tend to show a relationship between them which defendant would be likely to wish to terminate. We think that, as bearing upon defendant's intent in leaving his wife, the history of the marriage and the circumstances under which it was consummated were relevant to the issue as to criminal abandonment. *State v. Jeffries,* 117 Mo. App. 569 (92 S. W. 501).

III. The complaint made as to one of the instructions, that it authorized conviction for abandonment of the child without proof of a continuing neglect and refusal to support, is without foundation. The statute describes three different

criminal acts — the neglect or refusal to maintain or pro-

**3. DESERTION:**
**abandonment**
**of child.**

vide for the wife; the abandonment of a legitimate or legally adopted child under the age of sixteen years; and the neglect or refusal to provide for such child — and any one of these three acts is declared to be the crime of desertion. As to the child, there might, therefore, be an abandonment constituting a crime without neglect or refusal to provide for such child.

IV. With reference to the desertion of the wife, the provision of the statute is that it must be " without good cause," and the court instructed the jury that the cause which

**4. DESERTION OF**
**WIFE: good**
**cause: in-**
**struction.**

would relieve defendant from the duty to provide for and maintain his wife must have been one resulting from the acts, declaration, and conduct of the wife, and such as the jury believed would justify the defendant in neglecting or refusing to so provide for and maintain her. By this instruction the court left it to the mere whim or caprice of the jury to determine what would justify a husband in the desertion of his wife. One juror might think that an acrimonious temper would be a sufficient justification, another that badly cooked food would be equally an excuse. We do not think that it was for the jury to say what would be sufficient cause, but that instructions on the subject should have been given pertinent to the evidence. Probably no cause which would not authorize a judicial separation would be sufficient to justify an abandonment. *State v. Baker,* 112 La. 801 (36 South. 703); *People v. Brady,* 13 Misc. Rep. 294 (34 N. Y. Supp. 1118); *State v. Schweitzer,* 57 Conn. 532 (18 Atl. 787, 6 L. R. A. 125); *Commonwealth v. Ham,* 156 Mass. 485 (31 N. E. 639).

If there had been no evidence on the subject save that of the wife that after her marriage to defendant she had be-

**5. SAME.**

haved in every way with propriety, the instruction would have been too favorable to the defendant, and therefore not subject to complaint on his ap-

peal, but a witness was introduced for the defendant who testified to illicit intercourse on one occasion between himself and defendant's wife at a time subsequent to the marriage; and with reference to this evidence the defendant asked an instruction that, if defendant's wife had been guilty of adultery, that would constitute a good cause for the defendant's desertion of her, and we think some such instruction should have been given. The cases last referred to all recognize adultery as a sufficient " good cause " within such statutory provision as we are now considering. It is argued for the State that defendant did not abandon his wife on this ground; for it appeared from the testimony of the witness who claims to have had the illicit relation with defendant's wife, and who testifies that he went away with defendant at the time when defendant left his home with the intention of not returning, that he did not communicate to defendant the improper relation which he had sustained with the wife until they had started on this trip together. But, in the first place, the question is not whether there was testimony which in the opinion of the jury justified the defendant in believing his wife to be unfaithful, but whether she was in fact unfaithful. The statute refers to good cause, and not to reasonable belief as to existence of good cause. The husband may have a conviction as to the unfaithfulness of his wife without being able to prove a reasonable basis for such conviction, and, if he abandons her and the unfaithfulness is in fact established, we think his " good cause " is made out.

In the second place, the offense with reference to the wife consists in neglecting and refusing to maintain and provide for her; and a mere abandonment for a few hours, even with the intention of not returning, would evidently not be a crime if such abandonment was not continued so as to constitute neglect and refusal to maintain and provide for. Now, the information given to the defendant might have been the reason for his not returning within a reasonable time, and therefore might have been the occasion for his failure to

maintain and support, so that the jury should have been instructed, regardless of the fact that the communication to the defendant was not made until after he had left his wife, as to adultery being a good cause for the neglect and refusal to support.

V.   The court also instructed the jury that it was the duty of a man to care for his wife and minor children, and provide them with the necessary food, clothing, and home

6. SAME.             suitable to their conditions in life.   This we
                     think is too strong a statement of the duty,
breach of which constitues a crime under the statutory provision with reference to desertion of wife or child.   Many a husband and father is unable with his best exertion to provide such food, clothing, and home as are suitable to the condition in life in which he has previously maintained his wife and children.   It certainly cannot be the law that one who should by reason of misfortune not affecting in general his health or capacity to labor become unable to continue to support his family in the same condition in which he has previously supported them is guilty of a crime under the statutes.   Perhaps the language used by the court was not prejudicially erroneous in view of the evidence that defendant left his wife and child without making any effort so far as appears to continue to support them in any manner, but the instruction was erroneous, and under other conditions of the evidence might require a reversal.

For the errors pointed out, the judgment is reversed, and the case is remanded for further proceedings.—*Reversed* and *remanded.*