## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BURTON v. COMMONWEALTH.

January 14, 1909.

1. CRIMINAL LAW—*Amending Verdict—Materiality—Polling Jury.*— When it becomes necessary to amend the verdict of a jury in a matter of substance, it is the safer practice to send the jury to their room where they can find such verdict as they deem proper, untramelled by the presence or influence of others, but if the amendment is made by the clerk in the presence of the jury, and the jury is then polled and each juror assents to the amended verdict the irregularity is cured.

2. HUSBAND AND WIFE—*Support of Wife—Continuing Duty—Breach.*— The object of the statute punishing the desertion or wilful neglect to provide for a wife or minor children is to compel a husband to support his wife and children, if of ability to do so. It is a continuing duty, and the breach of it may be, alleged as of the time of the desertion, or at any subsequent time while the neglect continues. It would be proper in a trial under the statute to tell the jury that the desertion or neglect must have existed at the time the indictment was found.

3. HUSBAND AND WIFE—*Support of Wife—Desertion by Husband— Sufficiency of Cause.*—A quarrel or series of quarrels between husband and wife for which wife is responsible in whole or in part, do not constitute just cause for desertion on the part of the husband, or for his wilful neglect to provide for her support and that of their minor children.

4. HUSBAND AND WIFE—*Support of Wife—Destitute or Necessitous Circumstances—Question for Jury—Review.*—What shall constitute "destitute or necessitous circumstances," under the statute punishing a man for deserting his wife and minor children, depends upon the circumstances of the particular case, and is a question for the jury subject to review by the court in a proper case and upon familiar principles.

5. HUSBAND AND WIFE—*Desertion of Wife by Husband—Destitute and Necessitous Circumstances—Case at Bar.*—The evidence in this

case does not show that the wife was at any time in destitute and necessitous circumstances within the meaning of the statute punishing a husband for deserting his wife "in destitute or necessitous circumstances," and the judgment of conviction of the husband therefor is therefore set aside.

Error to a judgment of the Hustings Court of the city of Richmond.

*Reversed.*

The opinion states the case.

*L. O. Wendenburg,* for the plaintiff in error.

*Robert Catlett, Assistant to Attorney General,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

Burton was indicted by a grand jury of the Hustings Court of the city of Richmond, under a statute approved March 12, 1904, which declares: "That any person who shall, without just cause, desert or wilfully neglect to provide for the support of his wife or minor children in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor, and shall be punished by imprisonment in jail not exceeding one year; provided, that before the trial (with the consent of the defendant), or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court in its discretion, having regard to the circumstances and financial ability of the defendant, shall have the power to enter an order, which shall be subject to change by it from time to time, as the circumstances may require, directing the defendant to pay a certain sum weekly or monthly for the space of one year to the wife or to the custodian of the minor, and to release the defendant from custody on probation for the space of one year upon his entering into a recognizance,

with or without sureties, in such sum as the court shall direct. The condition of the recognizance shall be such that if the defendant shall make his personal appearance at court whenever ordered to do so within the year, and shall further comply with the terms of the order or of any subsequent modification thereof, then the recognizance shall be void, otherwise to remain in full force and effect." Acts 1904, p. 208, Code (1904), sec. 3795c.

Burton was found guilty, and the court, overruling a motion to set aside the verdict, entered judgment in accordance with the statute, that Walter S. Burton do "pay to his wife, Florence Dickerson Burton, the sum of thirty-five dollars per month for the period of twelve months from June 26, 1907, the date of rendering of said verdict of guilty, and that the accused is released from custody on probation, upon his entering into a recognizance in the sum of $1,000, with surety, to be approved by the court, conditioned according to law. But in the event the accused fails to give said recognizance or pay said money, then it is ordered in accordance with the verdict of the jury that he be remanded to the custody of the sergeant of the city of Richmond, Va., and be confined in the city jail for the period of one year or until the further order of this court."

"To which action of the court in fixing the amount at $35.00 per month, the accused excepted on the ground that the same is excessive, and to the action of the court making the same payable from June 26, 1907, instead of from this date, the accused excepted."

To this order a writ of error was awarded by this court upon the petition of the defendant.

The first error assigned is that the jury were permitted to amend their verdict, which in the first instance read as follows: "We, the jury, find the prisoner guilty of wilful desertion without just cause, and ascertain his punishment at twelve months in the city jail." Thereupon, the court directed the clerk to put the verdict of the jury in proper form, and the

clerk re-wrote it, "We, the jury, find the prisoner guilty as charged in the indictment, and ascertain the term of his confinement in the city jail at twelve months."

The indictment charges the defendant in the language of the statute with having, without cause, deserted his lawful wife, she being then and there destitute and in necessitous circumstances. The verdict as rendered by the jury, therefore, may be said to be materially different from the verdict as prepared by the clerk, and received and recorded by the court. It appears, however, that the jury was polled upon the verdict as amended, and that each and every juror responded, that the verdict as amended was his verdict.

As was said by this court in *Porterfield's Case*, 91 Va. 806, 22 S. E. 354, "the practice of allowing a verdict of the jury to be put in form in open court is a proper, and, in many cases, a necessary practice; but the amendment made in this verdict was not as to matter of form but of substance. By the verdict returned by the jury, the accused was acquitted of feloniously entering the bar-room, and found guilty of grand larceny. By the amended verdict he is found guilty, as charged in the indictment, which embraces both the offense of entering the bar-room and of grand larceny. The fact that the jury was polled and each member assented to the amended verdict would, perhaps, have cured the irregularity; but, as the cause has to be reversed upon other grounds, it is unnecessary to decide that question and we are not to be understood as expressing any opinion upon it. The proper practice in such cases is for trial courts to see that the verdict of juries is put in proper form before they are discharged, but if any change in the substance of the verdict is to be made, the jury should be sent back to their room, where they can, untrammelled by the presence or influence of others, find such verdict as they deem proper."

We are still of opinion that it is the safer practice to send the jury to their room, when it becomes necessary to amend

their verdict as to any matter of substance; but we are of opinion that the prisoner was not prejudiced by what was done in this case, and that this assignment of error is without merit.

In order to establish the offense of which the plaintiff in error was found guilty, it must be made to appear that, without just cause, he deserted or wilfully neglected to provide for the support of his wife or minor children, leaving them in destitute or necessitous circumstances. They may be in destitute circumstances at the time the desertion takes place, or they may become destitute as a consequence of the desertion on the part of the husband and his wilful neglect to provide for their support. The object of the statute was to compel the husband, if he were able to do so, to support his wife and children. It is a continuing duty and the breach of it may be stated as having occurred either at the moment of the desertion or at any time during the continuance of the wilful neglect to make provision for his wife or minor children, whom he has left at the moment of desertion, or who have since been rendered destitute or in necessitous circumstances.

The instructions given by the court seem to be, in the main, correct, though it would have been proper to tell the jury, that the desertion of the wife, or the failure to provide for her, must have existed at the time the indictment was found.

Instruction "B," asked for by the defendant, is as follows: "The court further instructs you, that if you believe from the evidence, when the defendant separated from his wife, that the separation was due to a quarrel, or to a series of quarrels, that his wife was responsible for, or in part responsible for, then you cannot convict the accused."

To have given that instruction would have been for the court to say, that a quarrel, or series of quarrels, for which the wife was responsible, or in part responsible, constituted a just cause for desertion on the part of the husband, or for his

wilful neglect to provide for her support, and that of their minor children. We think it was properly refused.

As to what shall be considered sufficient proof of the offense must depend upon the circumstances of each case. There is no fixed standard by which the law undertakes to define what shall constitute "destitute" and "necessitous circumstances." It may vary with the conditions to which the parties have been accustomed. The necessaries of one person may be the luxuries of another, reared in and habituated to different surroundings. It is safest, therefore, to leave it to the jury to say whether or not the facts established the charge, subject always to review by the court in a proper case and upon familiar principles.

We see no error of law, therefore, in the refusal of the court to give instruction "C," asked for by the plaintiff in error, in which the jury were told, that if they believe from the evidence that "when the defendant separated from his wife, on September 5, 1906, she had $1,144.96 to her credit in the National Bank of Virginia, and this was from money given her by her said husband, and that now she has as much as $132.00 of this money, and that in addition to that she has about $300.00 worth of jewels given her by him, and possesses real estate that cost $375.00, and that this was given her by him, then she is not in the destitute and necessitous circumstances contemplated by the law, and you must acquit him."

. It is true there is evidence tending to prove all the facts upon which this instruction is predicated. There is also a statement by Mrs. Burton, that she was not at the time her husband left her in destitute circumstances, though she adds that she had very little left.

There is also evidence in the record that she is an extravagant, frivolous and self-indulgent woman; that her husband is a man of limited resources, engaged in a business, the profits of which are variable and uncertain. We are of opinion,

therefore, that it does not appear that Mrs. Burton was at any time in destitute or necessitous circumstances, within the meaning of the statute.

The judgment of the hustings court is, therefore, reversed, and the case remanded for a new trial.

*Reversed.*