### JOHN J. ALLRED v. STATE.
No. A-4526.   Opinion Filed Sept. 20, 1924.
(228 Pac. 788.)
(Syllabus.)

**Parent and Child—Child Abandonment Properly Tried in County Where Children Become Dependent.** One accused of abandoning his minor children in necessitous circumstances is properly tried for the offense in the county where the children become dependent, regardless of the residence of the father. The venue is at the place where the offense of failure to support is committed.

Appeal from County Court, Johnston County; C. M. Crowell, Judge.

John J. Allred was convicted of the abandonment of his minor children, and he appeals. Affirmed.

Cornelius Hardy, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.  John J. Allred, plaintiff in error, defendant in the trial court, was a barber, married, and the father of three small children.  In the year 1919 he was pursuing his trade in Cushing, Okla.  There, in the latter part of August of that year, domestic difficulties arose, and Allred left Cushing and went to some place unknown to his wife or her friends.  From the sale of their joint property and money in the bank, the abandoned wife realized about $200.  This sum was soon exhausted in caring for her three children, one of whom was sick.  Soon thereafter the wife removed with her children to Tishomingo, in Johnston county, the home of her parents.  There the oldest child died.  The wife later procured a divorce; some time later she and her husband were reconciled and were remarried.  Again domestic trouble arose, and a second separation and divorce followed. At the time of this trial both husband and wife were married to other persons.

There is evidence in the record indicating that the original separation and the abandonment of the wife and children by defendant was without justification, and that his failure to contribute towards the support of his children was wholly without excuse.

The only issue in this appeal worthy of consideration is whether the trial court had territorial jurisdiction of the offense charged—whether the venue of the action was in Payne county, where the defendant first absented himself from his family, or whether it was in Johnston county, where he neglected to provide for his children in necessitous circumstances.

A portion of the statute under which this prosecution was brought, section 1856, Comp. Stat. 1921, is as follows:

"Every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her, and who shall abandon his or her minor child or

children under the age of twelve years, in destitute or necessitous circumstances, and wilfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail, or at hard labor on the public roads of the county not less than one month nor more than twelve months, or by both such fine and imprisonment.''

Bearing in mind that the defendant, when he first went away, left his wife with money and property amounting to only about $200, and that this sum was sufficient to keep the wife and children from want for only a very short time, it was the most natural thing in the world for the abandoned wife to return to the home of her parents. It is a law of human nature that a wife, left under such circumstances, will return to her father's home if it is at all possible for her to do so. The rule of civil law that the husband has the right to fix the domicile or residence of the wife will not apply where she has been deserted without sufficient cause. To hold to the contrary would be to take a stride backward toward the practices of the early barbarians, when the husband's authority over the wife was absolute.

The manifest purposes of this statute are twofold—first, to make provision for the maintenance of abandoned wives and children, so that they may not become public charges on the state, and for humanitarian reasons; and, second, to punish those upon whom the moral and legal obligation for support rests when such person refuses or neglects to furnish appropriate support. This is a statute providing relief and punishment for the omission of a duty, as distinguished from punishment for the commission of an illegal act. The venue of the action would therefore appear to be in the county in which the failure to do the duty occurred; i. e., the failure to provide for the children.

This defendant could not be punished for failing to furnish support and sustenance at the place where the abandonment actually occurred, because the offense was not complete until the children were in necessitous circumstances, which condition did not arise until after the children were taken by their mother to another county. An abandoned wife is under no legal or moral obligation to remain where her husband actually abandoned her. The venue of the action is therefore properly laid in the county in which the offense becomes complete—that is, in any county where the abandoned children are in necessitous circumstances. State v. Sanner, 81 Ohio St. 393, 90 N. E. 1007, 26 L. R. A. (N. S.) 1093; Re A. T. Fowles, 89 Kan. 430, 131 Pac. 598, 47 L. R. A. (N. S.) 227; Rogers v. State, 14 Okla. Cr. 235, 170 Pac. 269, L. R. A. 1918E, 742.

And in State v. Gillmore, 88 Kan. 835, 129 Pac. 1123, 47 L. R. A. (N. S.) 217, the court, in the third syllabus, said:

"The offense is committed either by deserting and leaving her in destitute or necessitous circumstances or by neglect or refusal to provide for her whenever after such desertion she becomes destitute or necessitous."

And in the notes to the Gillmore Case, supra, the general rule is stated thus:

"Where a man deserts or abandons his wife or minor child, and where he himself subsequently removes to another jurisdiction, or where he sends the wife or child to another jurisdiction, he is properly indicted and tried for the offense in the jurisdiction where the wife or child becomes dependent, regardless of his nonresidence, for that is the place where the duty of support should be discharged, and consequently the place where the offense of failure to support is committed."

Our statutes provide that, where an offense is committed partly in one county and partly in another, the venue is in

either county. Section 2429, Comp. Stat. 1921. Applying a like statute in the case of State v. Dvoracek, 140 Iowa, 266, 118 N. W. 399, the court held:

"Where an offense is committed partly in one county and partly in another, or where the acts constituting the offense occur in two counties, jurisdiction is in either county, it is held that where the husband deserted his family without cause and had gone to another county within the state, the venue and trial were rightly in the county where the duty of providing for the family should be discharged, i. e., in the county where the wife and children reside."

We hold, therefore, that the trial court in Johnston county had territorial jurisdiction of this offense. The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.