## T. J. DEAN v. STATE.

No. A-8638. Feb. 16, 1934.
Rehearing Denied March 9, 1934.
(30 Pac. [2d] 195.)

Van Leuven & Van Leuven, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tillman county of wife and child abandonment, and his punishment fixed at imprisonment for a term of two years. The prosecution is under section 1830, Okla. Stat. 1931, which is:

"Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year or more than ten years."

The information alleges a continuous abandonment from March 14, 1929, to September 9, 1932. The facts are about as follows: Defendant, in March, 1929, deserted his wife and two minor children, under ten years of age. The wife endeavored to locate defendant, writing several letters to different places in Oklahoma City, where she heard he might be; all the letters were returned and defendant wholly failed to contribute to the support of the wife and children, or to communicate with them. The defendant used several witnesses but did not himself take the stand.

Defendant contends: First, that the evidence is insufficient to sustain the conviction; second, that the prosecution was barred by the statute of limitations.

As to the first contention, there is ample evidence to sustain the judgment. There is in fact but little conflict in the testimony. It is at least tacitly admitted that defendant abandoned his wife and children as alleged and never afterwards made any contribution to their support.

Considering the second assignment, if the original act of abandonment constituted the complete offense there might be some merit in the contention that the prosecution was barred; but it is not alone the act of abandoning the wife and children which constitutes the offense, but the neglect of the continuing obligation to support the wife and minor children, which, with the act of abandonment, constitutes the offense. We are aware that there is some division in the authorities; some holding that the offense becomes complete by the abandonment and refusal to support and that the statute of limitations begins to run at that time, but the more strongly sustained and the better reasoned rule is that the offense is composed of two essential elements—the abandonment and the refusal to maintain—and is a continuing offense. Under the latter rule the offense continues and is not barred so long as the abandonment and failure to support continue. 16 C. J. (Criminal Law) § 347; 30 C. J. (Husband and Wife) §§ 928, 929; Phelps v. State, 10 Ga. App. 41, 72 S. E. 524; State v. Stout, 139 Iowa, 557, 117 N. W. 958; Burton v. Commonwealth, 109 Vr. 800, 63 S. E. 464; State v. Beam, 181 N. C. 597, 107 S. E. 429; McRae v. State, 104 Miss. 861, 61 So. 977.

In Allred v. State, 28 Okla. Cr. 13, 228 Pac. 788, 789, this court, in referring to the statute under which defendant was prosecuted, said:

"* * * This is a statute providing relief and punishment for the omission of a duty, as distinguished from punishment for the commission of an illegal act. * * *"

See, also, State v. Gillmore, 88 Kan. 835, 129 Pac. 1123, 47 L. R. A. (N. S.) 217; Price v. State, 46 Okla. Cr. 96, 287 Pac. 1064.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.