## JOE EDWARDS v. STATE.

No. A-10781.   Dec. 3 1947.
(187 P. 2d 248.)

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

JONES, J. The defendant, Joe Edwards, was charged by information filed in the district court of Oklahoma county, on October 23, 1945, with the abandonment and failure to provide for his minor children, Melvin Joe Edwards and Robert Lee Edwards, age three years and two years, respectively. A jury was waived, the defendant was tried, found guilty and sentenced to serve two years imprisonment in the State Penitentiary, which sentence was suspended during the good behavior of the defendant.

The sole proposition presented by the appeal is whether the evidence is sufficient to sustain the judgment of conviction. Only one witness was called by the state and no evidence was offered on behalf of the accused. Ruby Edwards testified that she was formerly the wife of the defendant. That she had secured a divorce from him and that under the provisions of the divorce decree, the defendant was to pay to her for the benefit of the minor children the sum of $10 a week. She further testified that from April, 1944, until April, 1945, the defendant paid the sum of $410, which amount was paid through the office of the county clerk to her for the benefit of the minor children. She further testified that from April, 1945, to the time of trial (November 24, 1945) the defendant had only paid the sum of $15.

The statements made by Judge Barefoot in the case of Cosby v. State, 86 Okla. Cr. 159, 186 P. 2d 844, applies to the facts as revealed by the record in this case. No evidence was offered by the defendant to show that he contributed more than was claimed by his former wife for the support of his minor children, and no attempt was made to show any justification for his conduct.

The contention of counsel for defendant that the evidence is insufficient to support the conviction is evidently based upon the testimony of the witness that the defendant paid the sum of $10 the latter part of April, 1945, whereas he was charged in the information with having abandoned his children in destitute circumstances on April 1, 1945.

The crime of abandonment of minor children and neglect, or refusal to provide for them, has been held to be a continuing offense and the date alleged in the information is immaterial. Dean v. State, 55 Okla. Cr. 356, 30 P. 2d 195; Goodart v. State, 65 Okla. Cr. 472, 88 P. 2d 911.

The statute, 21 O. S. 1941 § 853, is violated, not only when there is a complete failure to support, but also where there is a partial failure. Dyer v. State, 58 Okla. Cr. 317, 52 P. 2d 1080; Goodart v. State, supra; Cowley v. State, 65 Okla. Cr. 479, 88 P. 2d 914, 915.

In Cowley v. State, supra, this court held:

"A divorce decree, awarding custody of a minor child to the mother does not destroy the relation between the father and his child. As to the child, his legal obligation remains the same. The divorce did not release him from any pre-existing natural, moral, or legal duty to support and educate and to provide for the future support of such child.

"Where a divorced husband was ordered by the court, granting the divorce, to pay a certain sum for the support of his minor children, and where the custody of his minor children was awarded to the wife, he may be prosecuted for the children's non-support, under the statute punishing every person who willfully neglects to provide for the support of his children under 15 years of age."

The judgment of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.