## O'DONLEY v. STATE.

No. A-11138.   May 24, 1950.

(219 P. 2d 259.)

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and L. A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.  Plaintiff in error Wayne O'Donley, defendant below, was charged by information, tried by a jury on March 18, 1948, convicted of the crime of abandonment of his three children and failure to supply them with support and maintenance, said children being Patricia Ann, 7 years of age, Doris Marie, 5 years of age, and Diana Kay, 3 years of age.  In said information he was charged with leaving said children in a necessitous and destitute condition in violation of the provisions of

Title 21 O.S.A. 1941 § 853. The crime of abandonment is alleged to have been committed on the specific date of September 27, 1947. The jury found the defendant guilty and left his punishment to the court, which fixed the penalty at 6 years in the penitentiary, and entered judgment and sentence accordingly. The information herein was filed on December 6, 1947, but the cause was not tried, appealed, briefed and submitted to this court until January 18, 1950.

The defendant's first contention is based upon the proposition that evidence was admitted in the trial in relation to acts of abandonment and incidents occurring more than 3 years prior to the filing of the information, and the defendant says such evidence was inadmissible and incompetent as part of the crime charged in the information, and as being barred by the statute of limitations. This contention was answered adversely in Goodart v. State, 65 Okla. Cr. 472, 88 P. 2d 911. Therein this court said, 65 Okla. Cr. 476, 88 P. 2d 913:

"Counsel in their brief say:

" 'This point was that Mr. Goodart committed a specific crime in a detailed manner upon a certain date and within a defined jurisdiction.

" 'Can it be said that the voluminous testimony concerning the actions of the defendant years previously was confined to a point in issue as of January 19, 1937, upon which date an alleged offense was charged to the defendant?'

"There is no merit in this contention. The statute defines but one offense, that may be committed in different ways; the husband and father may by the same act abandon his wife without just cause, and minor child or children under the age of 15 years in destitute and necessitous circumstances, and fail to provide for either or both. If he does either or both, he has committed but

one offense, and that offense continues until proper provision, to the best of his ability, is made for their adequate support."

In Goodart v. State, supra, this court cited Dean v. State, 55 Okla. Cr. 356, 30 P. 2d 195, wherein this court said:

"Considering the second assignment, if the original act of abandonment constituted the complete offense there might be some merit in the contention that the prosecution was barred; but it is not alone the act of abandoning the wife and children which constitutes the offense, but the neglect of the continuing obligation to support the wife and minor children, which, with the act of abandonment, constitutes the offense. We are aware that there is some division in the authorities; some holding that the offense becomes complete by the abandonment and refusal to support and that the statute of limitations begins to run at that time, but the more strongly sustained and the better reasoned rule is that the offense is composed of two essential elements—the abandonment and the refusal to maintain—and is a continuing offense. Under the latter rule the offense continues and is not barred so long as the abandonment and failure to support continues. 16 C.J. (Criminal Law) § 347; 30 C.J. (Husband and Wife) §§ 928, 929; Phelps v. State, 10 Ga. App. 41, 72 S. E. 524; State v. Stout, 139 Iowa 557, 117 N.W. 958; Burton v. Commonwealth, 109 Va. 800, 63 S.E. 464; State v. Beam, 181 N.C. 597, 107 S.E. 429; McRae v. State, 104 Miss. 861, 61 So. 977."

Such being the law, and the abandonment and failure to support being continuous, the statute of limitations would not be applicable as a bar to the admissibility of the evidence in relation thereto, since the conviction is not predicated alone upon evidence of abandonment more than 3 years prior to the filing of the action. There is ample proof to support the charge, all of which falls within the statutory period of 3 years preceding the fil-

ing of the information. However, notwithstanding the continuing nature of the offense and the admissibility of the evidence prior to the statutory period of limitations throwing light upon the offense as charged in the information, the trial court limited the jury in its consideration of the evidence to evidence of desertion that occurred within the 3-year period next preceding the filing of the information. Therefore, this contention is without merit. The evidence herein of acts of abandonment before the filing of the information was sufficient to support the charge, as well as the evidence thereof subsequent to the filing of the charge, the latter being admissible as throwing light on the charge of abandonment, and showing intent and motive. Jeffries v. State, 37 Okla. Cr. 110, 257 P. 333.

Briefly, the facts disclose that at the time the wife of the defendant was 6 months pregnant with their last child, the defendant, on August 7, 1943, abandoned the children, and from that time until January, 1944, he did not furnish them with any support whatsoever. (The record discloses his brother gave them $40 during said period of time.) The defendant returned in January, 1944, and got employment in March of 1944. From January, 1944, until March, 1944, he contributed nothing to the support of his children. From March, 1944, the date he went to work, until June, 1946, he gave his wife $25 to $30 every week for the benefit and support of the children. The record discloses that on two occasions he gave his wife $35 instead of $25. From June, 1946, until March 18, 1948, the record discloses that he contributed to the support and maintenance of his children the total sum of $100. The defendant contended that the reason he did not do any better by his children was that during all of said time he was suffering from ulcers of

the stomach. The record, however, shows that there were times when he was employed and making money, during which time he did not contribute anything to his children, and from June, 1946, until the date of trial, during which time he was employed, that he contributed only the sum of $100.

In Dyer v. State, 58 Okla. Cr. 317, 52 P. 2d 1080, it has been held that the abandonment statute is violated not only by complete failure to support but where there is a partial failure so to do. In so holding the court, 58 Okla. Cr. 327, 52 P. 2d 1084, said:

"According to the great weight of authority and according to what we believe is the plain intent of our statutes, the fact that the mother alone or together with other persons furnished all the support needed for the child does not constitute good or sufficient cause for any failure or neglect by the father. Hunter v. State, 10 Okla. Cr. 119, 134 P. 1134, L.R.A. 1915A, 564, Ann. Cas. 1916A, 612, supra; State v. Waller, 90 Kan. 829, 136 P. 215, 49 L.R.A., N.S., 588; 20 R.C.L. 623."

Here, it appears that during the time when the father was not supporting the children they were on public relief and on the charity of their friends, neighbors and members of the churches of their community. The fact that he contributed during the period of time from June, 1946, to March 18, 1947, the sum of only $100 presents a case of sheer neglect of his parental duty and forms sufficient basis of support for the verdict of guilty.

The defendant next contends that in a case of child abandonment that the wife was incompetent to testify against her husband, under the provisions of Title 22 O.S.A. 1941 § 702, reading as follows, to wit:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are

applicable also in criminal cases: Provided, However, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other." The foregoing section is not applicable however to a case of this character in view of the provisions of Title 21 O.S.A. 1941 § 854, expressly making the testimony of a wife competent in cases of this character and reading as follows, towit: "No other evidence shall be required to prove marriage of such husband and wife, or that such person is the lawful father or mother of such child or children than is or shall be required to prove such fact in a civil action, and such wife shall be a competent witness to testify in any case brought under this act, and to any and all matters relevant thereto, including the fact of such marriage and the parentage of such child or children."

Next, the defendant contends that in view of the entire record and the partial support he did make available to his children at times during the period of abandonment that the punishment of 6 years in the penitentiary is excessive. It is conceded by the Attorney General that in light of the record that this contention is not altogether without merit. With this contention we are inclined to agree. The record discloses that during the years from March, 1944, to June, 1946, he did provide for the maintenance and support of his children. While the condition of the defendant's health was not by any means a controlling factor to his failure to support his children, the record discloses it may have been a contributing cause. Under these conditions, and under the provisions of Title 22 O.S.A. 1941 § 1066, we feel constrained to modify the judgment and sentence appeal-

ed from to a term of 3 years in the penitentiary. It is therefore ordered that said judgment and sentence be modified from 6 years to 3 years in the penitentiary. For all of the above and foregoing reasons, the judgment and sentence herein as modified is affirmed.

JONES, P. J., and POWELL, J., concur.