## DOBBINS v. STATE.
### No. A-11887.

Criminal Court of Appeals of Oklahoma.
March 16, 1954.

Paul E. Simmons, Broken Arrow, Harry Seaton, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error Theodore Dobbins, defendant below, was charged by informa-

tion in the court of common pleas of Tulsa county, Oklahoma, with the offense of failing to provide food, shelter and medical attention for his 3 children of the ages of 11, 9 and 6 years, without lawful excuse so to do and contrary to the provisions of Title 21, § 852, O.S.1951, making it a misdemeanor for failing to perform any duty imposed upon such a one by law to furnish necessary food, clothing, shelter or medical attention for one's child. He was tried by a jury, convicted, and his punishment left to the trial judge. The trial judge fixed the punishment at a year in the county jail, and entered judgment and sentence accordingly, from which this appeal has been perfected.

Briefly the facts are that the defendant and the prosecuting witness Ellen Dobbins, the mother of the 3 living children of the defendant, were married on May 4, 1940. The record discloses that Mrs. Dobbins filed suit for divorce from Theodore Dobbins on February 29, 1952 in the district court of Wagoner county, Oklahoma, she at that time being a resident of Coweta, Oklahoma, located in said county. From that moment on the defendant and his wife lived separate and apart. A decree of divorce was entered in favor of Mrs. Dobbins against the defendant Theodore Dobbins on April 15, 1952. Said divorce decree provided that Mrs. Dobbins was entitled to receive all of the property owned by herself and her husband. It appears that they had purchased a feed store which was operated exclusively by Mrs. Dobbins at Coweta, Oklahoma, and through her operation and management of the same she paid for the cost thereof and accumulated in the bank $1,140, and sold the feed store for approximately $700, all of which the court gave her together with the household furnishings and fixtures. Among other things the divorce decree further provided that beginning February 1, 1953 the defendant should pay for the support of his children the sum of $30 per month. Thereafter Mrs. Dobbins moved to Dawson, Oklahoma, where she worked for the Dixon Market for the sum of $30 per week and from which she supported herself and her 3 children without any material aid from the defendant. On May 15, 1952 Mrs. Dobbins moved to Tulsa, Oklahoma, and on June 26, 1952 this criminal action against the defendant for support of his children was instituted in Tulsa county.

The state's evidence discloses the defendant had supported the children very little for the 2 years preceding her removal to Tulsa. In fact Mrs. Dobbins testified that the defendant never contributed more than fifty cents a day during that period of time for the support of the family, himself, her and the children. She further testified that she supported the children from the profits derived from her operation of the feed store. Notwithstanding the defendant made some money working in his father's blacksmith shop he never contributed anything to the family in the way of clothing and medical attention. Sometimes he would bring in a few groceries, however. The record further discloses the defendant was a frequenter of pool halls and was reputed to gamble some. It further showed that Dobbins had been living at his father's home since the separation on February 29, 1952.

The defendant testified in his own behalf and admitted that after the institution of the divorce proceedings on February 29, 1952 and his separation from Ellen Dobbins his contribution to the support of his children "has not been very much". This admission in itself was enough to bring the defendant within the penalties of the statute, for this court has repeatedly held a partial failure to support a person's children constitutes a transgression of the law. Edwards v. State, 85 Okl.Cr. 285, 187 P.2d 248; O'Donley v. State, 91 Okl.Cr. 352, 219 P.2d 259; Cowley v. State, 65 Okl.Cr. 479, 88 P.2d 914. The defendant sought to justify his failure on the ground that he had sustained an injury to his hand which had prevented him from working. The medical proof on this contention indicated his hand had been injured but that he had 60% use thereof; in fact the defendant himself admitted he could use the hand. The defendant testified he had made some small contributions

in cash directly to the children but the proof as to such contributions was in the nature of a self-serving declaration unsupported by any substantial corroboration or memoranda of any kind. The record is in sharp conflict as to the purchases of the groceries. He testified that he had made a substantial contribution in groceries but his wife testified as hereinbefore set forth that he only rarely brought in groceries. This evidence presented a question of fact for the determination of the jury and it is their province to weigh the evidence and determine the facts, and this court will not interfere with the jury's findings of fact, where there is competent evidence from which the jury could reasonably conclude the defendant was guilty. In fact that is the exclusive province of the jury, Holman v. State, Okl.Cr., 262 P.2d 456.

■ The record discloses the evidence of the state was sufficient to sustain the conviction of the defendant by the jury.

■ The defendant further contends that the divorce decree of April 15, 1952 directing that the defendant should make payments to the support of his children in the sum of $30 per month commencing on the first day of February 1953 was an adjudication of the relative rights of the parties, taking into consideration, the defendant's physical condition and ability to earn and pay and the fact that Mrs. Dobbins was granted in the decree all the property owned by her and her husband Theodore Dobbins. It is his position that the court order relieved him of the statutory obligation and absolved him from guilt for omitting to care for his children. With this contention we cannot agree. The obligation for care and support of his children by Dobbins is one imposed by statute enacted by the legislature which a decree in a civil action for divorce cannot obviate. One is by reason of legislative enactment which is the law of the land, and the other arises out of a judicial decree fixing a civil obligation. They are entirely separate and distinct. While the findings of the court in the civil action, if material at all, may be persuasive, but by no means can be controlling in a criminal action. We

can conceive of a case where such findings might be material where intent was an issue. However, to say that the divorce decree herein would absolve the defendant from criminal guilt which had already accrued for failure to discharge a legal obligation fixed by law would permit the court in a civil action to invade the legislative field by judicial decree and void statutory obligations fixed by the legislature. Such a situation would clearly be unconstitutional as against the division of powers. Civil courts cannot render inoperative criminal provisions of the statute by a judicial decree entered in a civil action. Hence the fact of a divorce decree and the provisions thereof, in a criminal action for omitting to provide for one's children, would ordinarily be immaterial in such a criminal case. The decree in the divorce case did not release the defendant in an action for failure to support his children from any pre-existing, natural, moral or legal duty to support the children of the marriage. Edwards v. State, supra; Cowley v. State, supra.

■ Moreover the duty to provide for one's children is a continuing one, Edwards v. State, supra; O'Donley v. State, supra; Goodart v. State, 65 Okl.Cr. 472, 88 P.2d 911; and the fact that most of the defalcation of duty in this case occurred prior to Mrs. Dobbins' removal from Wagoner county to Tulsa county is of no consequence, since the defendant admits he had done practically nothing to discharge his obligations to his children since his wife had moved to Tulsa with them. We cannot agree with counsel for the defendant that under this record the defendant had contributed to the support of his family as much as he was able to do. The jury found to the contrary and their finding is amply supported by proof that for two years before coming to Tulsa and since his children moved to Tulsa defendant had done practically nothing to discharge his legal duty to them. For the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.