Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Victor M. Hartsell, Sr., who shall hereinafter be referred to as defendant, was charged by information with the crime of Child Abandonment in the District Court of Oklahoma County. He was tried before a jury, who found the defendant guilty and assessed his punishment at ten years in the penitentiary. It is from that judgment and sentence that defendant appeals.

The trial record reflects that only one witness was produced by the State. That was the ex-wife of defendant, Goldie Ann Hartsell, and only one witness for the defendant, and that was defendant himself. The testimony was substantially as follows: Goldie Ann Hartsell testified that she was once married to defendant, and was divorced from him June 7, 1967, being awarded custody of the four children born of the marriage. The decree provided that defendant pay $100.00 per month for child support commencing the tenth day of the first month defendant was released from jail. She said defendant had paid nothing since June, 1967, the date of the decree, nor had he contributed by paying any bills.

**Victor M. HARTSELL, Sr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14858.**

Court of Criminal Appeals of Oklahoma.

April 1, 1970.

Her source of income was ADC Public Welfare. Defendant testified that he was released from jail June 15, 1967, but was taken by officers to Kansas where two more weeks passed before he was released. He said that Goldie and the children came to Kansas after his release and lived with him four days, during which he gave her four or five dollars and there was plenty of groceries in the house. She returned in August and stayed three days, after which he rented a place for her to stay, and gave her "plenty of money to pay her rent and get groceries all that I could possibly afford". He said he lost three weeks work out of three months and his pay when working was $60.00 to $80.00 per week. He testified to giving her cash money, "as much as I could afford, but I can't determine how much." He said he tried to support his children but was impeded by Goldie's having him thrown in jail for being drunk. He estimated his total earnings between June 15, 1967 and his arrest on these charges to be between $600.00 and $700.00, of which he paid Goldie about $200.00. On rebuttal Goldie denied ever visiting defendant in Wichita, and reiterated that defendant "had never gave me one penny" for child support since June, 1967.

The defendant was an indigent and was represented by the Public Defender. His only contention of error is that the sentence was excessive.

It is to be observed that defendant drew the maximum sentence of Ten Years. Due to the fact that there was not a prolonged abandonment, but lasted for less than a year, this Court is in sympathy with defendant's contention, and for the additional reason that defendant can be of no help in providing support for his children while incarcerated and in line with previous decisions of this Court, such as:

Cowley v. State, 65 Okl.Cr. 479, 88 P.2d 914, Received 10 yr sentence, Reduced on appeal to 7.

Cosby v. State, 85 Okl.Cr. 159, 186 P.2d 844, Received 10 yr sentence, Reduced on appeal to 7.

O'Donley v. State, 91 Okl.Cr. 352, 219 P.2d 259, Received 6 yr sentence, Reduced on appeal to 3.

Brownfield v. State, Okl.Cr. 299 P.2d 539, Received 7 yr sentence, Reduced on appeal to 3.

Rowden v. State, Okl.Cr. 397 P.2d 515, Received 10 yr sentence, Reduced on appeal to 7.

We, therefore, feel that justice would be best served by modifying the 10 year sentence to Five (5) Years in the penitentiary, and otherwise Affirmed, and It Is So Ordered.

Modified and affirmed.

BRETT, P. J., and BUSSEY, J., concur.