## THE STATE v. CHARLES C., alias CHRISTO-PHER C., TRAINER, Appellant.

### Division Two, February 7, 1911.

BIGAMY: Belief that Spouse Had Been Divorced.  Mere belief on the part of a defendant charged with bigamy, that his former wife had been divorced, when in fact she was still married, is no defense.  But evidence of such belief is properly admitted for the consideration of the jury in fixing the measure of punishment.

In this case defedant's belief was based upon a notice, published in a newspaper, of a divorce suit instituted by his wife, notifying him to appear on a certain day to plead to the bill, and if he did not appear the bill would be taken as confessed and judgment rendered against him as prayed, and he did not appear, and made no effort to ascertain whether the decree had been granted.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1)  The authorities are conflicting as to whether an  honest but erroneous belief in the existence of a valid decree of divorce will constitute a defense to a prosecution for bigamy.  The greater weight of au-

thority is to the effect that it will not.  Davis v. Com.,
13 Bush (Ky.) 318; State v. Armington, 25 Minn. 29;
Squire v. State, 46 Ind. 459; R. S. 1909, sec. 4721.  (2)
The evidence was sufficient to sustain the verdict.  The
evidence shows that the appellant was married to
Jeanette on the 7th day of October, 1908, and that his
former wife, Altie, obtained her divorce from appel-
lant in the Macon County (Illinois) Circuit Court,
November 4, 1908; therefore appellant married Jean-
ette nearly one month prior to his former wife's (Al-
tie's) obtaining her divorce from him.  Moreover, the
jury settled the conflict in the testimony.  State v.
Mathews, 202 Mo. 148; State v. Williams, 186 Mo. 128.
The marriage was legally proved by the production
of a certified copy of the records both of the former
and second marriage.  State v. Matlock, 70 Ia. 229.

FERRISS, J.—The defendant was convicted in
the circuit court of the city of St. Louis of bigamy,
and sentenced to two years in the penitentiary.

The evidence for the State established the fact of
the second marriage, and the further fact that at the
time of such marriage defendant had a former wife
living, undivorced.

The defense gave evidence tending to prove that
the defendant had received a copy of a newspaper
about September 1, 1908, which contained a notice of
publication of a divorce suit instituted by his former
wife, and which notified him to appear on the 5th day
of October following to plead to the bill of divorce,
and that if he failed to do so the allegations of the bill
would be taken as confessed and judgment would be
rendered against him as prayed for in the bill of com-
plaint.  The defendant testified that he did not appear
to answer in said suit; that, without further inquiry,
he assumed and honestly believed that the decree of

divorce was granted to his wife on said October 5th, and that, so believing, he married the second time on October 7, 1908.

The court gave instructions appropriate to the case. Among them was the following:

"2. The court further instructs you that the fact, if you find it to be a fact, that the defendant, at the time he married said Jeanette Flaven (if you find that he did marry her), believed that a divorce had been granted to his said wife, Altie M. K. Trainer, is no defense in his behalf in this case, unless you find that on or before that date, to-wit, the 7th day of October, 1908, such divorce had actually been granted. The pendency of a suit for divorce in court is not sufficient, nor is the fact that the defendant believed such divorce had been granted, even if you find he did so believe, unless a decree of divorce had actually been granted."

The record shows the following exceptions by defendant:

"The defendant excepts to the instructions as not fully declaring the law in the case, and the defendant excepts to the court's not giving an instruction declaring that if there was no criminal intent in this case shown by the evidence, then the jury should acquit the defendant."

There was no brief filed, nor appearance in this court, for defendant.

The motion for a new trial set out various objections to the rulings of the court on the admission of evidence; to the instructions given; to the failure to instruct upon all the law of the case, and failure to admonish the circuit attorney for certain alleged prejudicial remarks to the jury.

An inspection of the record satisfies us that there is only one point in the motion for a new trial worthy of serious consideration, and that is the propriety of

instruction numbered 2, set out above. The other objections are without merit.

The one point to be considered involves the question whether the honest belief of defendant, based upon the newspaper clipping that his former wife was divorced on October 5th, two days prior to his second marriage, was a defense. If it was, then the question whether he had such belief should have been submitted to the jury. If it was not a good defense, then the instruction complained of was not prejudicial.

The authorities are not entirely harmonious on this point. The following decisions present both sides of the proposition: Squire v. State, 46 Ind. 459; State v. Armington, 25 Minn. 29; Davis v. Com., 76 Ky. 318; Commonwealth v. Hayden, 163 Mass. 453; Watson v. State, 13 Tex. App. 76; Reg. v. Turner, 9 Cox C. C. 145; Dotson v. State, 62 Ala. 141.

The Missouri statute (R. S. 1909, sec. 4720) provides: "Every person having a husband or wife living, who shall marry another person, whether married or single, except in the cases specified in the next section, shall, on conviction, be adjudged guilty of bigamy."

The exceptions in the next section are (1) absence for seven years; (2) a divorce by competent authority; (3) former marriage declared void by competent authority; (4) where former marriage was contracted while under the age of legal consent; (5) when former husband or wife shall have been sentenced to the penitentiary for life.

None of these exceptions cover the case at bar. In view of the provisions of our statute, we feel constrained to hold that mere belief on the part of a defendant, charged with bigamy, that his former wife had been divorced, when in fact she was still his wife, at the time of his second marriage, is not a defense. This is in harmony with what we regard as the best author-

ity, and is in line with sound principles of public policy. We have found no American case which justifies a defense based solely upon mere belief by defendant that a divorce had been granted to his former wife, his only evidence being an order of publication which he found in a newspaper, and without any effort on his part to ascertain whether in fact the decree had been granted.

The instruction given by the trial court, applied to the facts in evidence, is in harmony with the views herein expressed.

We will add that the evidence of belief was properly admitted for the consideration of the jury in fixing the measure of punishment.

There being no prejudicial error in the record, the judgment is affirmed. *Kennish, P. J.,* and *Brown, J.,* concur.