## ROBERT L. DUNCAN v. STATE.

No. A-3848.    Opinion Filed May 5, 1923.
(214 Pac. 937.)

(Syllabus.)

1. **Jury—Clerk Drawing Jury and Later Being Called as Witness for State not Ground for Quashing Panel.** Where a court clerk, with the sheriff, performs the ministerial acts provided by statute for the selection of prospective jurors from the jury list furnished by the jury commissioners, and the clerk at the trial in open court draws the names from the receptacle provided, the mere fact that the same clerk is called as a witness for the state to identify court records will not be good cause for challenging or quashing the panel.

2. **Bigamy—Proof of Marriages by Facts, Circumstances, and Declarations not of Record.** In a prosecution for bigamy, both marriages may be proved by facts, circumstances, and declarations, not of record, documentary evidence is not essential to establish a marriage.

3. **Marriage—Marriage Records Admissible Without Original Documents.** A marriage record is a public record and may be introduced in any court where the original documents are not in possession or under the control of the person desiring to use them. Section 654, Comp. St. 1921.

4. **Bigamy—No Defense that Accused Believed First Wife Had Obtained Divorce.** An instruction to the jury that the accused would be entitled to an acquittal if the evidence showed that the accused, at the time he married the second time, honestly

and in good faith believed that his first wife before that time had divorced him, was more favorable to the accused than the law and the facts warranted.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

Robert L. Duncan was convicted of bigamy, and he appeals. Affirmed.

J. S. Garrison, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Robert L. Duncan, plaintiff in error, here referred to as the defendant, was convicted of the crime of bigamy in the district court of Jefferson county on March 8, 1920. By the verdict of the jury his punishment was fixed at confinement in the state penitentiary for a term of five years. To reverse or modify the judgment of conviction he appeals to this court.

There are four assignments of error urged in the brief.

It is first contended that G. W. English, court clerk, assisted the sheriff in drawing the jury panel to try this case, and that the same G. W. English was a witness in this case, called by the state to identify the records showing that there had been a marriage between the defendant and Miss Eva Rogers on July 25, 1919, and that for this reason the jury panel was illegally drawn, and that the motion of the defendant to quash the panel should have been sustained.

Section 3517, Comp. Stat. 1921, provides for the manner of selecting a jury panel from the names supplied to the clerk by the jury commissioners. This duty of the court clerk is purely clerical in its nature and is surrounded with ample safeguards to insure the selection of an impartial jury. Sec-

tion 3526, Id., provides that a substantial compliance with the provisions of this chapter (relating to the selection of jurors) shall be sufficient to prevent the setting aside of a verdict of any jury called thereunder, unless the irregularity in the summoning or impaneling of the same resulted in depriving a party litigant of some substantial right. And to take advantage of any such irregularity the party aggrieved must specifically show to the court (at the time or before the jury is sworn) that the matter complained of is prejudicial. In this case it does not appear that the matter here complained of is prejudicial, and the record disclosed that on objection was made to the jury panel until after the jury was qualified and opening statements had been made by counsel representing the parties. For these two reasons this assignment of error is without merit.

The defendant next complains that the state was permitted to prove the first marriage by parol testimony; that the marriage should have been established by documentary evidence. Section 2720, Comp. Stat. 1921, provides that upon a trial for bigamy it is not necessary to prove either of the marriages by the register, certificate, or other record evidence, but that the marriages may be proved by such evidence as is admissible to prove a marriage in other cases. A ceremonial marriage may be proved by the testimony of eyewitnesses or by the admission of parties, without the producing of the marriage certificate or other record, and without explanation of their absence. 18 R. C. L. 423, 424. In this case the defendant himself admitted the first marriage, making further proof unnecessary.

The defendant complains next that the second marriage was permitted to be shown by the records of the court clerk without any identification of the signature of the minister who performed the ceremony or of the witnesses who sub-

scribed to the original document. This assignment of error is also without merit. Sections 7495 and 7496, Comp. Stat. 1921, provide for the issuing of marriage licenses and for the recording of the same after return made thereon by the minister or officer who performed the ceremony, thus constituting a public record. Section 654, Comp. Stat. 1921, provides that the records of public officers may be received in evidence in any court, and that when any such record is of a paper, document, or record authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original. Furthermore, the defendant admitted this marriage also.

Lastly, it is contended that the evidence tends to show that the defendant believed at the time he married his second wife that his first wife had obtained a divorce from him. A letter in evidence from the accused to his first wife does not support this contention. Upon this point the court instructed the jury that if they entertained a reasonable doubt as to whether or not the defendant honestly believed and had reasonable grounds for believing, and had used proper care and made due investigation and was in possession of sufficient facts to honestly entertain a belief, that his first wife was divorced from him, in that event he would not be guilty, and should be acquitted. We think this instruction was more favorable to the defendant than was warranted by the law or the facts. No one can read this record without being impressed that the defendant knew that his first wife had not procured a divorce. The evidence shows that within a week from the time the defendant claims to have received information that his first wife had procured a divorce he married his second wife, without making any effort to verify the rumor.

According to the weight of authority, the fact that one

charged with bigamy believes in good faith that he had been divorced from his first wife constitutes no defense. 3 R. C. L. 802; People v. Priestley, 17 Cal. App. 171, 118 Pac. 965; State v. Trainer, 232 Mo. 240, 134 S. W. 528; Rice v. Commonwealth (Ky.) 105 S. W. 123.

The judgment of the trial court is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.