## CARL STANLEY v. STATE.

No. A-7199.   Opinion Filed Jan. 17, 1931.
Rehearing Denied March 14, 1931.
(296 Pac. 504.)

Darnell & LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The defendant, Carl Stanley, hereinafter referred to as the defendant, was jointly informed against with Jim Smith and Ray Phillips, charged with the crime of robbery of one John S. Strong, by means of a dangerous weapon, was tried separately, convicted, and sentenced to serve a term in the penitentiary of five years.   Record was perfected, and the case appealed to this court.

The record in this case is too voluminous to be set out in detail.   The testimony of the state, in substance, is as follows:   On or about the 1st day of November, 1927, the defendant herein, Jim Smith, and Ray Phillips, appeared in the town where John Strong resided and induced Strong to enter a poker game; after getting a large amount of Strong's money in the game, the testimony shows the defendant in this case shoved a large knife against the prosecuting witness, while his codefendants took the money and went away with it.

The defendant for defense says he and Strong entered into a conspiracy to defraud the other two defend-

ants, Jim Smith and Ray Phillips, by getting them into the poker game, and Strong was to give signals so the defendant would win the money; it is charged that the defendant and his associates by threats, and by drawing a knife on the prosecuting witness, secured about $6,100 from the prosecuting witness.

The testimony on behalf of the state shows that Jim Smith and Ray Phillips and the defendant in this case went to the town where John S. Strong and his brother lived for the purpose of getting them into a poker game and then faking them out of the money. The defense testimony denies the defendant had anything to do with the taking of this money, but, on the other hand, claims he was to assist the witness John S. Strong to beat the other parties out of their money.

The testimony is conflicting. The jury found the defendant guilty. Where there is a conflict in the testimony, this court will not attempt to decide that question, but will leave it to the province of the jury.

The defendant has filed several errors alleged to have been committed by the court in the trial of his case. The first contention argued by the defendant is that the information is not sufficient to charge that the money was taken from the possession of the prosecuting witness. An examination of the information shows that the allegation in the information is that the money was taken from the person and immediate presence of the prosecuting witness John S. Strong, and that it was forcibly taken. This allegation is sufficient to advise the defendant of the charge against him. This court has repeatedly held that it is not necessary in charging an offense to follow the exact language of the statute; that words of an equivalent meaning are all that are necessary to be used. The information

is sufficient to charge an offense of robbery in the manner and form as alleged in the informat.on.

The defendant next complains that the court erred in refusing to give the following requested instruction:

"If you find and believe from the evidence that Carl Stanley, either alone or by the aid of Jim Smith or Ray Phillips, won said $6,100 in a poker game, then it will be your duty to acquit the defendant."

An examination of the instructions given by the court shows this instruction is fully covered by the instructions of the court, and the refusal to give this instruction was not error possessing sufficient merit to warrant a reversal.

The defendant next contends the court erred in refusing to give instruction No. 3, requested by the defendant. It is not deemed necessary to set out instruction No. 3 in this opinion; we hold this instruction was properly refused. This court has repeatedly held, where the instructions of the court as a whole sufficiently cover the law as applied to the facts in the case, it is not error to refuse to give a requested instruction even though such an instruction correctly states the law. Colglazier v. State, 23 Okla. Cr. 23, 212 Pac. 332; Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168; Sherman v. State, 20 Okla. Cr. 306, 202 Pac. 521.

The defendant next contends that the court erred in not giving counsel for the defendant proper latitude in the cross-examination of the prosecuting witness, John S. Strong. The accused, on cross-examination of the prosecuting witness, has the right to show the malice and ill feeling of the prosecuting witness toward him, or may propound questions to the prosecuting witness for the purpose of impeaching or contradicting the witness. An examination of the questions propounded to the witness on cross-examination by the defendant fails to show that the

court prevented the defendant from cross-examining the witness on any question material to the rights of the defendant. The record fails to show that the defendant was prejudiced by reason of the court's action in refusing to allow the prosecuting witness to answer questions propounded to him by the defendant on cross-examination. An examination of the record shows the defendant did not offer to show what the answer of the witness would have been, had he been permitted to answer the question propounded. Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021; Cheeves v. State, 18 Okla. Cr. 480, 196 Pac. 726.

It is further argued by the defendant that the trial court erred in not granting him a new trial because of newly discovered evidence which tended to show that the witnesses John Strong and John Crossman, who testified in rebuttal for the state, and in contradiction to the testimony of Floyd Woodward, given in chief in behalf of the defendant, were shown to have committed perjury. The granting or refusing a new trial is within the sound discretion of the trial court, and, unless the record shows an abuse of this discretion, this court will not disturb the judgment. The court holds in this case that the court did not abuse its discretion, and the motion for a new trial was properly overruled.

There are other errors assigned by the defendant, but it is not deemed necessary to discuss them. It is only necessary to say that they do not possess sufficient merit to warrant a reversal of the case. After a careful examination of the record we hold the evidence is sufficient to sustain a conviction; that the court properly instructed the jury as to the law; the defendant was accorded a fair and impartial trial.

The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.