Donald B. WILKERSON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12993.

Court of Criminal Appeals of Oklahoma.

May 17, 1961.

Rehearing Denied Sept. 13, 1961.

A. A. Berringer, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Plaintiff in error, referred to herein as the defendant, was charged by information with the offense of omitting to provide for his minor child, Douglas Raymond Wilkerson, in the Court of Common Pleas of Tulsa County, Oklahoma. The defendant waived his right to a jury trial and was tried before the Honorable James P. Goeppinger, found guilty as charged and sentenced to serve one year in the county jail. Judgment and sentence were suspended upon payment by the defendant of forty dollars per month child support, from which this appeal was perfected.

The defendant was charged under 21 O.S.(1951) § 852 which provides that:

"Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law to furnish necessary food, clothing, shelter or medical attendance for such child is guilty of a misdemeanor."

Upon a reading of this statute it becomes apparent that there are two elements of this crime which the state must prove beyond

a reasonable doubt. These elements are (1) that the defendant is the parent of the child, and (2) that the defendant has wilfully omitted, without lawful excuse, to furnish necessary food, clothing, shelter or medical attention.

The defenses raised by the defendant in the trial court were (1) that he was not the parent of Douglas Wilkerson, and even if he was found to be the child's father, (2) he was not financially able to support said child.

The State, in attempting to show that Douglas Wilkerson was the child of defendant, introduced into evidence the records of the District Court of Tulsa County, Oklahoma, No. D–67862, annuling a purported marriage between the defendant and Ruth Mary Wilkerson, complaining witness herein. These records include a decree of annulment, entered on the tenth day of April, 1958, said proceedings having been instituted by the defendant herein. The other records include a modification of the annulment decree, entered on the third day of October, 1958, and a motion to modify the decree of October 3, brought by the defendant on May 31, 1960. In each of these actions, Ruth Mary Wilkerson was the adverse party.

█ The defendant contends that these records were not admissible in the instant case and assigns their admission into evidence as reversible error. He relies upon cases from Texas, Alabama, California, Florida, Oregon, Ohio, Illinois, and Oklahoma, all of which deal with the admissibility of civil judgments in criminal cases. All of the cases cited by the defendant in this connection stand for the general rule that such a judgment is not binding upon a criminal court. With this general rule we are in accord. However, this court has wisely recognized that records of civil proceedings may be admitted if material to specific issues arising in a criminal prosecution although the findings of the court in a civil action are by no means controlling in a criminal action. Dobbins v. State, Okl.Cr., 268 P.2d 307. In State v. Mc-Mains, 95 Okl.Cr. 176, 241 P.2d 976, this court recognized that parts of a divorce decree would not control in a criminal case, but that such evidence might be relevant in a criminal action, and thus admissible as evidence.

█ Since it was necessary for the State to establish that the defendant was the parent of Douglas Wilkerson, it became a material evidentiary fact as to whether the defendant was married to Ruth Mary Wilkerson within ten months prior to the birth of the child. The records of the District Court of Tulsa County clearly reveal that the defendant instituted proceedings for annulment on April 10, 1958. It follows that this is a judicial admission of a then existing marriage between the defendant and Ruth Mary Wilkerson. The child was born on September 14, 1958, some five months thereafter. Title 10, Section 2 of the Oklahoma Statutes of 1951 provides in part:

> "All children of a woman who has been married, born within ten months after the dissolution of the marriage are presumed to be the legitimate children of that marriage."

On October 3, 1958, which was subsequent to the birth of the child but within a ten month period after the judicial admission of the marriage between the defendant and Ruth Mary Wilkerson, the District Court of Tulsa County modified the original decree of annulment and determined that the child was the legitimate child of the defendant. This modification was not made after the court heard contradictory or disputed testimony. The action was done at the request of the defendant. The decree recites that "said action was done with the written consent of Donald B. Wilkerson, was voluntary, free from duress, collusion, connivance and fraud." This amounted to a judicial embracement of the child by the defendant.

█ Public records may be introduced in any court where the original documents are not in possession or under the control of the person desiring to use them. 12 O.S.(1951) § 502 and Duncan v. State, 23

Okl.Cr. 321, 214 P. 937. This is not to infer that all public records are admissible in a criminal case. Their admissibility is governed by the general rules of evidence. In the instant case they were admitted as a judicial admission of facts material to paternity.

■■ The defendant contends that the trial court prevented him from establishing that Douglas Wilkerson was the child of some third person by excluding certain testimony. The specific testimony referred to is as follows:

"Q. Did you have intercourse with the complaining witness Ruth Wilkerson, between December 1, 1957, and January 2, 1958? A. No, sir.

"Q. Do you know a man named Fida?

"Mr. Robertson: We object to that question, Your Honor.

"The Court: Sustained.

"Mr. Berringer: Exception.

"Q. What has been your financial condition from lets say December 1, 1957, until the present?"

This was the extent of the attempt to establish the assertion that Douglas Wilkerson was the child of some third person while the defendant was on the stand. There was no offer of proof made in the record before the trial judge. In order to preserve an objection to excluding evidence, the proper question must be asked, and, on objection, offer made, showing what the evidence will be, its purpose, and all facts necessary to establish admissibility. Stanley v. State, 50 Okl.Cr. 169, 296 P. 504, and cases cited therein. There is a statement in the brief of the defendant indicating what the proof would have been. However, this Court will not consider matters not preserved in the record and which are presented for the first time on appeal by way of statements in a brief.

■■ The only other attempt to establish that the defendant was not the father of the child was during the cross-examination of Mrs. Wilkerson, wherein counsel for defendant repeatedly asked her if it were not true that the defendant was married to another woman at the time of conception of the child. Each time she replied that she could not be sure of her answer. However, counsel failed to ask any question wherein he sought to elicit a statement that the father of the child in question was anyone other than the defendant. This was not sufficient testimony to overcome the presumption of legitimacy provided in 10 O.S.(1951) § 2. The presumption can be overcome only by strong, satisfactory, and conclusive evidence that the husband did not have access to his wife when the child was begotten. In re Davis' Estate, 169 Okl. 133, 36 P.2d 471.

■■ The gist of the testimony presented by the defendant in connection with his defense of inability to support a child is shown by the entire cross-examination of the defendant:

"Q. I believe you testified, Mr. Wilkerson, that you made $1,000.00 from June to September? A. Yes.

"Q. And that you made arrangements to pay out $922.00 on bills. Is that right? A. That is right, yes, sir.

"Q. What arrangements did you make for the support of this child? A. None at all."

Applying the most recent rule announced by this Court dealing with the sufficiency of evidence in a non-jury trial, this evidence supports the court's findings. In Treadway v. State, Okl.Cr., 346 P.2d 189, this court stated that "where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the courts' findings."

For the reasons stated herein, the judgment and sentence of the trial court is affirmed.

NIX, P. J., and BRETT, J., concur.