Marie TOLLESON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13492.

Court of Criminal Appeals of Oklahoma.

March 31, 1965.

M. E. Becker, Guymon, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

This is an appeal from the District Court of Texas County where Marie Tolleson, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Grand Larceny and sentenced to serve a term of two years in the State Penitentiary at McAlester, Oklahoma.

This cause was set for oral argument on the 28th day of October, 1964, and oral argument having been waived, this matter was submitted on the record and briefs of the parties.

Although, there are many assignments of error, the single assignment of error which is properly preserved in the record and merits the attention of the court is the defendant's contention that the trial court erred in overruling the defendant's demurrer to the information. The information as it appears in the casemade provides as follows:

"* * * IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA:

"NOW COMES Haman M. Foster the duly qualified and acting County Attorney in and for Texas County, State of Oklahoma, and gives the District Court of Texas County and State of Oklahoma, to know and be informed that Marie Tolleson did, in Texas County and in the State of Oklahoma, on or about the 15th day of October, in the year of our Lord, One Thousand Nine Hundred and Sixty-Two and anterior to the presentment hereof, commit the crime of GRAND LARCENY in the manner and form as follows, to-wit: That the said, Marie Tolleson, in the County and State aforesaid, and on the day and year aforesaid, did unlawfully, wilfully, knowingly, wrongfully, fraudulently and stealthily, take, steal and carry away without the knowledge or consent and against the will of one A. L. Fajen, doing business as the Kitchen Mart of Guymon, Oklahoma, certain personal property, to-wit: one Zenith transister portable Radio, of the total value of $49.95, with the unlawful, fraudulent and felonious intent then and there on the part of her, the said, Marie Tolleson, to deprive the said A. L. Fajen of Guymon, Oklahoma, of said property, and to convert

the same to the use and benefit of her, the said Marie Tolleson; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

"s/ Haman M. Foster,
County Attorney  *  *  *"

To this information the defendant interposed the following motion:

"*  *  *  Comes now the defendant, Marie Tolleson, and moves the Court to quash, set aside and hold for naught the Information filed herein for the following reasons, to-wit:

"1. That said information does not contain sufficient allegations to charge a public offense against the defendant or any one else; that said Information wholly fails to identify the property claimed to have been stolen.

"2. The only description of the property, allegedly stolen, in said Information is as follows, to-wit:

"'One Zenith transister portable Radio, of the total value of $49.95.'

"That out of the many thousands of Transister Portable Radios manufactured and distributed by the Zenith Company, the information filed herein does not properly set out or even attempt to state or identify the certain radio to which it refers.

"s/ M. E. Becker,
Attorney for Defendant.

"FILED OCTOBER 9, 1963"

■ In construing indictment or information this court has uniformly held that the gist of the sufficiency of an indictment or information is not whether it might possibly be made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.

■ We have further held that an information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense is sufficient.

■ In the instant case the information first sets out the date on or about which the crime took place, the county of its occurrence, the place of business and the owner thereof. Afterwards there appears the description of the stolen article as follows:

"one Zenith transister portable Radio, of the total value of $49.95."

We believe the information sufficiently informed the accused of the offense with which she is charged with such particularity as to enable her to prepare for her trial, and so defined and identified the offense that she will be able to defend herself against any subsequent prosecution for the same offense.

■ As her second contention the defendant urges in her brief that the trial court erred in overruling her motion to suppress the admission of the Zenith Radio described in the information into evidence. The defendant failed to preserve any testimony or evidence in the record before us on appeal to support this contention, and while there appears at Page 73 in the casemade instruments denominated affidavit and search warrant and they are marked as defendant's exhibits, it does not appear that they were ever offered in evidence by the defendant or properly identified. Nor does. it appear that the state ever sought to introduce them.

■ In Nelson v. State, Okl.Cr., 355 P.2d 413, at page 417 this court cited with approval the language appearing in 24A C.J.S. Criminal Law § 1783 which reads in part:

"'It is the duty of the appellate court to consider all questions apparent on the record, or reserved by bill of exceptions, and it is the duty of appellant to present a correct record which shows affirmatively that the trial court com-

mitted error. The appellate court looks to the record only, and while it may review all matters which can be intelligently considered and disposed of on the record presented, it can consider only matters properly a part of the record and will not consider an assignment of error unless the alleged error affirmatively appears of record. The record on appeal must be so complete as to enable the reviewing court to pass intelligently on the question presented, otherwise the appeal will be dismissed or the judgment affirmed as the practice may require * * *.' "

We have carefully examined the record and the uncontroverted evidence of the state supports the jury's verdict. The judgment and sentence appealed from is accordingly affirmed.

NIX and BRETT, JJ., concur.