Allen M. AUSTIN, Plaintiff in Error,

v.

Laverne AUSTIN, Defendant in Error.

No. 41223.

Supreme Court of Oklahoma.

July 26, 1966.

Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

Geo. W. Gay, Oklahoma City, for defendant in error.

JACKSON, Vice Chief Justice.

The sole questions involved in this appeal are the paternity of a minor child and the authority of the court to award child support to the mother. The parties will be referred to as they appeared in the trial court.

The parties were legally married on June 30, 1962.

Plaintiff Allen M. Austin on January 8, 1963, filed suit against the defendant Laverne Austin, in the present cause No. D–116075, District Court of Oklahoma County for divorce on the grounds of incompatibility. On January 23, 1963, the defendant filed her cross-petition seeking divorce on the grounds of extreme cruelty.

Plaintiff alleges in his petition "that of said marriage no children have been born and none are expected" and defendant alleged in her cross-petition "that of said marriage no children have been born."

The trial court on February 14, 1963, entered a decree awarding the defendant a divorce and allowing her attorney a fee of $100.00. The court found "that no children have been born of this marriage." Defendant was restored to her former married name Laverne Hale.

A female child, Joy Ranae Austin was born to the defendant on November 4, 1963.

Defendant as plaintiff on May 28, 1963, filed a new divorce action, cause No. D–117981, District Court of Oklahoma County, against the plaintiff as defendant alleging substantially the same grounds as contained in the original action (the present action cause No. D–116075) and further alleges that she "is now pregnant." She dismissed this action on August 5, 1963.

Defendant as plaintiff on July 15, 1963, filed a third divorce action against the plaintiff as defendant, cause No. D–118635, District Court of Oklahoma County. In this third cause of action defendant alleges

that the parties were legally married on June 30, 1962, and thereafter were divorced on February 14, 1963, but resumed their marital relations on or about March 28, 1963, and have since said date lived together as husband and wife. She alleges that she is now pregnant by the defendant since January, 1963, which facts were unknown to her on February 14, 1963, at the time the divorce was granted. She seeks a divorce on the grounds of extreme cruelty and particularly physical violence done to her on July 8, 1963, and requests support for the unborn child, doctor bills and attorney's fees. At a hearing on a motion for temporary allowance on August 5, 1963, the case was dismissed.

Defendant on August 26, 1963, filed in the present case, cause No. D–116075 an application to vacate the divorce decree entered on February 14, 1963. She alleged that unknown to her at the time the decree was entered she was with the child of the plaintiff and on or about March 30, 1963, informed the plaintiff of her condition; that the parties resumed the marital relationship and continued to live together as husband and wife until on or about July 12, 1963, when she was forcibly evicted from the family home by the plaintiff.

At the hearing on the application in the trial court defendant Laverne Austin testified that the child, Joy Ranae Austin, was born on November 4, 1963, and that the plaintiff Allen M. Austin is the father of the child. She testified that she and the plaintiff had been trying for seven months to have a child and she did not know she was pregnant at the time the divorce was granted on February 14, 1963; that she did not discover the pregnancy until March 1963, and after she discovered the pregnancy the parties resumed the marital relationship and continued to live together as husband and wife until July 1963. She further testified that the parties continued to live together and cohabited as husband and wife after the divorce action was filed and until the divorce decree was entered; that the plaintiff made the ar-

rangements for her receiving medical attention and on many occasions transported her to the doctor's office for periodical examinations; that she gave the doctor the name of Hale for the reason that the divorce decree restored her name to Hale which was the name of her former marriage.

The plaintiff Allen M. Austin positively denied that the parties continued to live together after the divorce action was filed or that the marital relationship was resumed in March 1963 and continued until July 1963. He denied that the parties had ever resumed the marital relationship since the filing of the divorce action. He admitted taking the defendant to a doctor on several occasions but explained that the defendant would call him up and say she was sick and ask him to take her to a doctor. He denied living with the defendant at the time the trips to the doctor were made.

Each of the parties offered corroborating evidence in support of their respective versions of the matter.

The birth certificate of the child Joy Ranae Austin lists the plaintiff as the father of the child. The certificate refers to the length of pregnancy as being completed in thirty-seven weeks.

Blood tests were made of the parties and the child. The report of the technician is to the effect that the tests do not exclude the plaintiff Allen M. Austin as being the father of the child.

The trial court entered an order holding the plaintiff Allen M. Austin to be the father of the child and directed that he be required to pay the doctor and medical expenses incurred at the time of the birth of the child and further be required to pay the sum of $12.00 per week commencing on April 1, 1964, as support for the child until further order of the court. The court allowed an attorney fee of $100.00 to the attorney representing the defendant. Plaintiff filed a supersedeas bond staying the judgment and prosecutes this appeal.

Plaintiff contends that the dismissal of cause No. D-118635, same being the divorce action filed by the defendant as plaintiff on July 15, 1963, to establish a common law marriage of the parties after entering of the divorce decree in cause No. D-116075 on February 14, 1963, is res judicata as to the rights of the parties and constitutes a bar to the prosecution of the present proceedings by the defendant. The question of child support was not involved in cause No. D-118635. The case involved solely the right of the defendant in this case to secure a divorce from a marriage based on a common law relationship. Cause No. D-118635 was filed on July 15, 1963, and was decided on August 5, 1963. The minor child Joy Ranae Austin, was not in being at the time cause No. D-118635 was decided. The child was born on November 4, 1963. There is no merit to the claim of res judicata.

Ordinarily pleas of res judicata are not applicable to cases involving child support. In the very recent case of Wheeler v. Wheeler, Kan., 414 P.2d 1, the Kansas Court said:

"The principle of res judicata as generally applied, is not relevant to decrees awarding custody and providing for the support of minors. Such decrees become res judicata only as to matters then determined and as of the time the decree was rendered. * * *

12 O.S. 1961, Sec. 1277, provides:

"A petition or cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

The facts involved herein are quite similar to those presented in Thompson v. Thompson, Okl., 347 P.2d 799, wherein this court construed 12 O.S. 1961, Sec. 1277, supra, and affirmed an award entered for the support of a minor child born after the divorce decree was entered. This Court held that a finding made in the divorce decree that "they have no children of this marriage" (no issue being presented as to an unborn child) was not res judicata or estoppel by judgment so as to prevent the reopening of the case on the application of the wife for the allowance of support for a child born six months after the divorce.

There remains for consideration the correctness of the decision of the trial court holding that the plaintiff, Allen M. Austin is the father of Joy Ranae Austin.

10 O.S.1961, Sec. 2, provides:

"All children of a woman who has been married, born within ten months after the dissolution of the marriage are presumed to be legitimate children of that marriage. A child born before wedlock becomes legitimate by the subsequent marriage of its parent."

The divorce was entered on February 14, 1963. The child Joy Ranae Austin was born on November 4, 1963, or slightly less than nine months after the decree was entered. The child is presumed to be the legitimate child of the marriage of these parties. Such presumption can be overcome only by strong conclusive evidence. Wilkerson v. State, Okl.Cr., 364 P.2d 709; Jackson v. Jackson, 182 Okl. 74, 76 P.2d 1062.

The trial court found the child to be the legitimate child of the plaintiff Allen M. Austin and such findings are sustained by the evidence. They will not be disturbed by this Court on appeal.

Judgment of the trial court affirmed with directions to enter judgment on the appeal bond.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.