**Leonard Marvin HALL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15334.**

Court of Criminal Appeals of Oklahoma.

July 15, 1970.

James O. Goodwin, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Leonard Marvin Hall, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Possession of Firearms, After Former Conviction of a Felony; was sentenced to serve an indeterminate term of not less than one year nor more than three years imprisonment in the state penitentiary; and appeals.

At the commencement of the trial the defendant moved to suppress the introduction of a loaded pistol found underneath

the driver's seat of his car which was seized as a result of a search conducted contemporaneous with his arrest. He argues that since the arrest was made on mere suspicion that the misdemeanor offense of operating a motor vehicle while under the influence of intoxicants had been committed, the arrest was unlawful and therefore any search incident to said arrest would constitute an unlawful search.

Briefly summarized the evidence offered on the Motion to Suppress was in substance that in the early morning of February 12, 1969, Officer Kent Meyers of the Tulsa Police Department observed the defendant commit a traffic violation. He signaled to the defendant to stop; the defendant did stop and bent over placing something underneath the driver's seat of his car; the officer radioed for backup assistance and proceeded to check the defendant's identification, advising him of the reason for which he was stopped and after smelling intoxicants on the defendant's breath, the officer gave the defendant the Miranda warning and advised him of the intoximeter law. During this time the defendant's manner was belligerent and he had an angry expression on his face when he approached the officer.

Contemporaneous with Officer Meyers' advising the defendant, Officer Conley arrived, smelled the defendant's breath, further advised the defendant concerning the intoximeter test, then opened the door to the defendant's vehicle looking for intoxicating liquor, and observed a loaded .22 caliber revolver on the floor on the driver's side of the car. The defendant was again advised of the Miranda warning and taken to the police station where, after learning of his prior convictions, he was booked in on the charge of Possession of Firearms, After Former Conviction of a Felony. Officer Meyers, who stopped him, stated that the defendant was not booked in on either the traffic violation or the charge of Operating a Motor Vehicle While Under the Influence of Intoxicants, for the reason that he was booked in on the felony offense and that he did not want to "stack charges" against the defendant. There is no indication as to whether the defendant was ever administered the intoximeter test or whether he refused to take it.

We are of the opinion that while the officer did not expressly advise the defendant that he was under arrest for operating a motor vehicle while under the influence of intoxicants, after stopping him for a traffic violation, observing his hostile attitude and smelling the strong odor of intoxicants on his breath, the fact that he and Officer Conley advised the defendant of the intoximeter law, made it abundantly clear that he was being held for that offense. Clearly, there was reasonable cause to arrest the defendant for the misdemeanor offense of operating a motor vehicle while under the influence of intoxicants, in the nighttime, and the fact that the officers and prosecuting officials elected to charge and try him for the more severe offense of Possession of Firearms After Former Conviction of a Felony of which he stands convicted, does not negate the legality of the defendant's arrest.

Having thus concluded that the arrest was legal, we are of the opinion that defendant's argument that the evidence obtained as a result of the search conducted incident to such arrest was inadmissible because of the illegality of said arrest, is wholly without merit. We have dealt with this issue on the specific grounds raised by defendant's employed trial counsel, notwithstanding the fact that it was not specifically urged in the Motion for New Trial and therefore not properly preserved for review on appeal.

Having dealt with the single issue raised by the defendant on appeal we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.