William Howard BENNETT, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15606.

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1971.

offense of operating a motor vehicle while his driver's or operator's license was suspended. Defendant was tried without a jury by the Honorable Jim Barnett, Special District Judge of Oklahoma County, Oklahoma, and the initial judgment and sentence assessed was a fine of One Hundred Dollars, ($100.00), and court costs. Defendant attempted to appeal to this Court, but that purported appeal was dismissed September 29, 1969, for failure to perfect the appeal within the scope of the rules and requirements of this Court.

Defendant thereafter filed in the trial court an application for "Order Nunc Pro Tunc" and "Writ of Error Coram Nobis," and on the last day of October, 1969, the trial judge granted defendant's prayer for relief, staying execution of the judgment and sentence. Thereafter, on October 1, 1969, a corrected judgment and sentence assessing the same penalty was entered in the trial court, correcting the case number to CRT–69–2154.

█ Upon entry of the corrected judgment and sentence, defendant has now perfected his appeal to this Court. In his brief defendant raises and discusses what he refers to as "questions," the first of which questions the legality of defendant's arrest; and the second asserts the information that defendant's license had been suspended was illegally obtained, and that the citation issued him at the time of his arrest was insufficient notice of the offense charged.

The Oklahoma Uniform Violations Complaint, which constitutes the information in this case, contains a printed, but unsigned, promise to appear, so we must conclude that defendant's complaint with reference to notice is only an argument in semantics and is without substance. The purpose of the information is to serve as appropriate notice of the violation for which defendant is charged, and to apprise him of the allegations which he will meet at trial. The information by which this defendant was prosecuted accomplished its intended pur-

T. N. Pool, Del City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in error, William Howard Bennett, hereafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the

pose. This Court held in Tolleson v. State, Okl.Cr., 400 P.2d 576 (1965):

"An information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense is sufficient."

For authority to amend the information see Herren v. State, 72 Okl.Cr. 254, 115 P. 2d 258 (1941).

Defendant argues that the Court erred in refusing to quash and suppress the information and suppress all evidence introduced thereafter on behalf of the State, for the reason that it was defective and prejudicial to the defendant and states no offense against the State of Oklahoma; and that the phrase "driving under suspension" is a meaningless term unless jurisdictional reference is included. We do not agree.

The traffic citation, which also served as the information in this case, recited:

"Bennett, William Howard, 4708 Tate Drive, Del City, Okla., did unlawfully operate a 1963 White ½ ton ford vehicle and then and there (on or about 10:05 P.M., at or near S.E. 29th and Mid-America) commit the following offense: 'Driving under Suspension',"

Title 47 O.S.1961, § 6–303, provides in pertinent part as follows:

"Any person who drives a motor vehicle on any public highway of this State at a time when his privilege to do so is cancelled, denied, suspended, or revoked shall be guilty of a misdemeanor and upon conviction shall be punished on first offense by a fine of not less than Fifty Dollars, ($50.00) nor more than Two Hundred Dollars, ($200.00). * * *." See Alred v. State, Okl.Cr., 351 P.2d 755 (Revoked).

We therefore hold that the information charging defendant in this case was sufficient.

■ The second of defendant's discussions of specification, defendant argues that the court erred in allowing a sheet to be attached to the information on which was listed some of defendant's previous traffic violations. It appears to be a teletype report done in police abbreviations and initially appears to be nothing short of being hieroglyphics. Defendant's position seems to be that although the trial judge purportedly struck that material from the record, it affected defendant's receipt of due process by being inextricably a part of the trial judge's knowledge, while considering the question of guilt or innocence; and defendant asserts it was even more prejudicial to defendant's rights when the court assessed defendant's punishment. However, the record clearly shows that the court considered that item not properly a part of the matters under consideration at the trial; and the court disclaimed any possibility of prejudice in his consideration of the case by plainly stating that the only matter for consideration was the question of defendant's guilt or innocence. Also, the penalty assessed by the judge disclaims defendant's contention of prejudice in assessing punishment. Under the law the penalty can range from $50.00 to $200.00. We do not view one-half the maximum fine for traffic violations as being excessive, absent unusual and impelling circumstances requiring that determination to be made in the interest of justice. Such facts are not found in this record.

■ Defendant also contends that the arrest was illegal because the traffic violation which prompted the Midwest City Police Officer to stop him was not prosecuted. Defendant was stopped for running a red light. We do not accept this contention of error. Defendant's arrest was legal and the trial court did not commit error when defendant's motion to suppress was denied. A traffic complaint was filed against defendant for failure to stop, but it was dismissed when this charge was filed. The record also reflects that defense counsel stipulated the fact that at the time defendant was stopped he did not possess a

valid driver's license; and that his license was under suspension. See Hall v. State, Okl.Cr., 473 P.2d 297 (1970), for authority to support the State's position on this charge.

Therefore, for the reasons heretofore given, finding no reversible error in the record and transcript of the trial of defendant in the trial court, it is our judgment that the corrected judgment and sentence in case No. CRT–69–2154, should be, and the same is, hereby affirmed.

BUSSEY, P. J., concurs.