**Kenneth Logan TINKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–232.**

Court of Criminal Appeals of Oklahoma.

Aug. 14, 1974.

L. T. Spray, Stilwell, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron Wilhite, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Kenneth Logan Tinker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Adair County, Case No. CRM–73–230, of the misdemeanor offense of Negligent Homicide in violation of the provisions of 47 O.S.1971, § 11–903. In accordance with the jury's verdict he was sentenced to confinement in the Adair County Jail for a period of one (1) year and payment of a fine in the amount of One Thousand ($1,000.00) dollars. Presenting three assignments of error, he appeals said judgment and sentence to this Court.

Around 2:15 on the afternoon of July 28, 1973, in Watts, Oklahoma, Virginia Wilson and her five year old daughter, Ladawna Wilson, had just returned to their mobile home from visiting with relatives. Mrs. Wilson was standing on the wooden steps unlocking the front door while Ladawna remained on the ground beside the steps when the defendant drove into the yard in a 1960 Falcon. He turned, approached the steps and failed to stop. The vehicle struck Ladawna and came to rest against the steps. Ladawna was immediately taken to the hospital where she was pronounced dead shortly thereafter by Dr. B. J. Puckett.

The defendant testified in his own behalf and stated that the accident occurred because the brakes failed. However, the jury determined that he was guilty of negligent homicide.

Relevant portions of the State's evidence are set forth hereafter. Zelda Leatherwood testified that on the afternoon of July 28, 1973, she was driving with her two sons from Siloam Springs, Arkansas, to Watts, Oklahoma, when a person she identified as the defendant, came up behind her on the Illinois River bridge in an older model white Falcon. He was driving at a high rate of speed and started to pass her on the bridge. Mrs. Leatherwood was frightened he might hit her vehicle and as he came around her at the end of the bridge, she pulled off the highway onto the shoulder. Following his car into Watts she observed that he drove at a very high rate of speed and almost collided with two other cars from the rear. In Watts she observed him turn toward the trailer and she then saw Mrs. Wilson's mobile home rock on its foundation.

Randy Cox testified that he was in the company of the defendant during the day of the incident. According to his testimony he and the defendant purchased two six packs of beer between 11:30 and noon and they then drove to Flint Creek where they talked with an unknown fisherman for approximately 20 minutes and shared a beer

with him. On their way back to Watts he and the defendant stopped at a station then traveled down Oklahoma Highway 59 to Watts and went to Mrs. Wilson's mobile home. As they approached the mobile home, he observed the defendant repeatedly pump his brakes but the car did not slow down and Mr. Cox believed that the child was thrown against the trailer by the impact. Mr. Cox stated that the defendant's automobile was probably going ten to fifteen miles an hour when it struck the steps of the trailer and he stated that the steps were not broken, only moved away from the trailer.

Mr. Cox testified that the defendant probably had three beers and, in his opinion, the defendant acted no differently after having consumed the beer than he had before. Mr. Cox recalled that the grass in the area was damp as his shoes had gotten wet while walking through it and he believed that the grass was approximately 3 to 4 inches high at the time.

Virginia Wilson testified that she and the defendant had lived together since May, 1973, and that she considered herself to be his common law wife. In response to questioning, she stated that she felt her daughter's death resulted from a tragic accident for which she did not hold the defendant accountable and that she did not want him prosecuted by the State of Oklahoma. She believed that it had rained approximately one hour before the incident and that the grass in the area was wet and about six inches tall. She had been knocked down by the impact as she stood in the doorway, however, the damage caused to her trailer was minimal. Mrs. Wilson testified that following her daughter's death she was very distraught and that Dr. Puckett would not give her any medication although the defendant had asked him to do so. After leaving the hospital she and the defendant returned to the trailer and the defendant suggested that some liquor might help her nerves. Only minutes before the police arrived she and the defendant shared a twelve ounce tum-

bler of whiskey when she advised him she would not drink unless he would. She acknowledged that her testimony at trial was the first time she had revealed this alcoholic consumption and stated that she had not made the fact known before because of her emotional disturbance.

Dr. B. J. Puckett testified that he examined Ladawna Wilson in the emergency room of the Siloam Springs Memorial Hospital at 2:45 on the afternoon of July 28, 1973. All attempts to revive her failed and Dr. Puckett stated that she had actually been dead on arrival. No autopsy was performed but his examination revealed a contusion across the child's upper abdomen and Dr. Puckett attributed the cause of death to trauma caused by a crushing blow to the upper abdomen. Dr. Puckett observed the defendant in the hospital and did not smell any liquor on his breath, and he recalled that the defendant was crying and emotionally upset. Dr. Puckett denied the defendant's request to administer a drug to the child's mother as he did not feel that medication would benefit her under the circumstances.

Donny Metcalf testified that following the accident and prior to the arrival of law enforcement officers, he observed Randy Cox remove a six pack of beer from the defendant's car and take it into the mobile home. Mr. Metcalf had no recollection of the grass being wet.

Willard Meredith, an auto mechanic, testified that at the request of the Watts Marshall he had test driven the Falcon shortly after the accident and that he found the brakes to be in perfect working order. He further testified that he did not notice the grass being wet in the area, that the grass was not too tall, and that two of the tires on the car were in good condition while two were slick.

Albert Gregory, a police officer in Watts, testified that he was directed to investigate the accident by the Sheriff. He stated that he arrived at the scene around 3:30, that he had detected an odor of alcoholic beverage on the defendant's breath and from his personal observations of the defendant concluded that he had been drinking. The defendant told Officer Gregory that he had had a few beers and made no mention of consuming any other type of alcoholic beverage subsequent to the incident. Officer Gregory placed the defendant under arrest and Trooper Gary Smith of the Oklahoma Highway Patrol administered a breathalyzer test to the defendant shortly thereafter. The trooper testified that the test resulted in a finding of 0.06% W/V blood alcohol concentration. Officer Gregory and Trooper Smith both testified that it had not rained in Watts on the day in question.

Defendant, Kenneth Tinker, testified on his own behalf and stated that he and Virginia Wilson had lived together since May of 1973 and that he considered himself to be married to her by common law. He stated that he believed his car was traveling at a speed of only four to five miles per hour when he turned into the alley approaching the mobile home and that he could not state positively but he did not believe he had consumed more than two beers prior to the accident. He stated that the accident occurred as a result of the failure of his brakes to operate properly and he stated that he had had trouble with his brakes prior to the day of the accident. He admitted to a previous felony conviction and imprisonment in the penitentiary. He testified that after returning from the hospital shortly before the police arrived, he and Virginia Wilson each drank half of a plastic tumbler full of whiskey in an effort to calm her nerves.

■ In his first proposition of error, counsel for defendant contends that certain prejudicial questions were asked of Virginia Wilson by the trial judge and the prosecutor. He alleges that these questions arose as a result of a purported agreement between the District Attorney, defense counsel and the trial judge whereby it was agreed that if Virginia Wilson would testify that she did not want the defendant

prosecuted for the alleged crime of Negligent Homicide, the State would dismiss the case against him. Counsel further decries the refusal of the judge to dismiss the case pursuant to this alleged agreement and maintains that said refusal was based on the judges' erroneous action of allowing the jury to invade the province of the court. We first note that this agreement referred to by counsel and relied upon for the basis of this proposition, does not appear anywhere in the record. This Court has repeatedly held that matters that are not preserved in the record and which appear for the first time by way of statements in the brief will not be considered by the Court. Wilkerson v. State, Okl.Cr., 364 P.2d 709 (1961), Tolleson v. State, Okl.Cr., 400 P.2d 576 (1965). Secondly, counsel presents no authority in support of his position that error was committed by the court in refusing to dismiss the cause against defendant. On numerous occasions this Court has held that bare assertions of error, that are unsupported by authority, will not be considered on appeal. See Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

In reviewing the record it is apparent that the defense counsel did not object to any of the questions of the court and prosecution now complained of and, in fact, on page 84 of the transcript defense counsel directed the witness to answer the judge's questions.

In order to preserve an issue for review on appeal, the record must reflect that objections with exceptions were timely taken. Errors asserted in an appeal brief which were not objected to at trial or exceptions made to rulings of the trial judge will not be considered by this Court unless they are of such a fundamental nature that they require reversal or modification of the cause. Giddens v. State, Okl.Cr., 452 P.2d 159 (1969). Further we can find no basis in the record for counsel's allegation that the trial judge indicated to the jury his opinion as to the guilt of the defendant. As with the above issue, the record is devoid of any objection by counsel and this proposition is therefore dismissed.

■ Defendant next contends that questions posed to Virginia Wilson by the court and the District Attorney regarding the fact that she and the defendant lived together were irrelevant and were made for the sole purpose of arousing the prejudice of the jury. The record does not support defendant's assertion that the line of questioning was designed to, or in fact did, prejudice the jury against the defendant. The State submits that the questions were pursued in order to establish the relationship and association between the defendant, the deceased infant and the witness. We agree and further note that the relevancy of these questions is made obvious by the fact that the defendant further pursued this area on direct examination. (Tr. 239–240) Finding no abuse of discretion by the trial judge in admitting this testimony, this proposition is dismissed. See, Rose v. State, Okl.Cr., 509 P.2d 1368 (1973).

On page 7 of his brief counsel for the defendant states that his third proposition of error is based on " . . . remarks . . . which, . . . while not maliciously intended on the part of the court, were made in such a tone of voice and manner that would tend to create in the mind of the jury the idea that the court felt the defendant was guilty and would prejudice the mind of the jury against the defendant." Again, counsel did not object to these remarks now complained of and he offers no authority to support his position. Finding absolutely no basis from the record for this assertion of error, this proposition is summarily dismissed as frivolous and entirely lacking in merit.

■ Lastly, defendant argues that the verdict of guilt was not supported by the evidence. We disagree. From the foregoing recitation of evidence adduced at trial, it is our opinion that there was ample, competent evidence presented by the State from which the jury could reasonably con-

clude, as they did, that the defendant was guilty as charged. This being so, the Court of Criminal Appeals will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. See Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

Finding no error sufficient to justify modification or reversal of this cause, it is our opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., not participating.

BRETT, J., concurs.